UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 24-cr-10035-JEK |
| (1) HAN LEE, | ) | |
| (2) JAMES LEE, and | ) | |
| (3) JUNMYUNG LEE | ) | |
| | ) | |
| Defendants. | ) | |

### INTERIM STATUS REPORT PURSUANT TO LOCAL RULE 116.5(b)

Pursuant to Local Rule 116.5(b), the United States, by its undersigned counsel, respectfully submits the following status report regarding the above-captioned matter, which is set for an interim status conference on June 6, 2024.  The government conferred with counsel for the defendants prior to the filing of this report and understands that counsel agree with the information and requests set forth herein.

The parties request that the interim status conference be cancelled and continued to a further interim status conference in 45 days in order to permit defense counsel time to review the Automatic Discovery that has been produced by the government. The government moves that the time between June 6, 2024 and the next status conference be excluded under the Speedy Trial Act. Defense counsel for the defendants assent to this request.

The defendants are charged with conspiracy to persuade, induce, entice, and coerce one or more individuals to travel in interstate or foreign commerce to engage in prostitution and money laundering conspiracy, in violations of 18 U.S.C. §§ 371 and 1956(h), respectively.

### I.     Status of Automatic Discovery

The United States produced automatic discovery materials on or about March 5, 2024 and May 30, 2024 and continues to produce additional materials on a rolling basis. These productions were voluminous and defense counsel for the defendants continues to review the material. The

materials produced in the March production include, *inter alia*, search warrant documents and corresponding materials, website and bank seizure warrants, and corresponding warrant materials, law enforcement reports, photographs, bank records, interview materials, rental documents and rental payments. The materials produced in the May production include records obtained pursuant to grand jury subpoenas to entities that include banks and other financial institutions, money transmitter businesses, airlines, a hospital, FedEx, Apple, and Amazon. The May production, too, was voluminous and the government contends that the financial records form part of the basis of the breadth of the money involved in and the strength of the money laundering conspiracy charge.

The United States understands that it has an ongoing and continuing duty to produce discovery.

## II.   Additional Discovery

The United States anticipates that there will be additional materials to be produced and/or made available as it continues to review its files.  For example, some forensic searches of seized electronic devices are complete, and others are still ongoing. To the extent the searches and resulting material are complete and available, the government has communicated with the defendants about which devices are complete and has made them available to the defendants at a mutually agreeable time. For devices that searches are still ongoing, the government anticipates producing copies when they are completed and data becomes available.

Because the government's investigation is ongoing, the United States anticipates that additional evidence is likely to be obtained.

## III.   The Timing of Additional Discovery Requests

Because the discovery on this long-term investigation is voluminous, the defendants are

not yet in a position to determine whether they will be making additional discovery requests. The United States has no objection to this Court granting defense counsel additional time to review the provided discovery materials as well as the other discovery materials that are being made available before making any discovery requests and recommends that the Court schedule a further interim status conference in 45 days to determine whether any additional time is needed for review.  To the extent that the defendant is afforded relief from the timing requirements, the United States requests similar relief. The parties have been working together in good faith related to discovery productions and potential discovery requests if any exist.

IV.     **Protective Order**

An assented-to motion for a protective order and proposed order were filed on April 29, 2024.  The protected material, which has been provided to the defendants and marked as "Subject to Protective Order" thus far includes cooperating source material and personal identifying information of co-defendants (including the various identities alleged to have been used by James Lee to procure apartment leases), sex buyers and commercial sex workers.

V.      **Pretrial Motions**

The parties believe that it is too early to establish a motion date and requests that a motion date be set at a further status conference.

VI.     **Timing of Expert Disclosures**

As detailed in the April 2024 status report, the United States proposed that the government provide expert disclosures 21 days before trial and the defendants provide disclosures 14 days before trial. The United States understands that the defendants reserve the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a).  To the extent that expert

discovery is requested by the defendants, the United States requests reciprocal discovery.

**VII.**   **Defenses of Insanity, Public Authority, Alibi**

As the defendants represented at the April status conference, no defendants anticipate raising defenses of insanity, public authority or alibi at this time.

**VIII.**   **Periods of Excludable Delay**

The government moves for excludable delay between June 6, 2024 and the next scheduled status conference. If this motion is allowed, there will be no non-excludable days under the Speedy Trial Act.

**IX.**   **Status of Plea Discussions, Likelihood of Trial**

The parties are actively engaged in plea discussions, including guidelines analyses, not limited to possible enhancements. If there is a trial, the United States estimates a trial lasting seven to ten days depending on stipulations.

**X.**   **Scheduling Matters**

The parties believe it would be appropriate to cancel the interim status conference scheduled for June 6, 2024 and schedule a further interim status conference in 45 days from that date in order for the defendants to complete the review of discovery and for the parties to engage in discussions related to the procedural posture of the case and appropriate resolutions, if the matters are to be resolved short of trial.  To the extent a date is selected in July for the status conference, the Assistant United States Attorney assigned to this matter is unavailable from July 1-17 and would request a date after July 17, 2024.

The United States moves the Court to exclude the time between June 6, 2024, to the next scheduled status conference, under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv) due to the discovery that has already been produced; the fact that additional discovery is being produced; the fact that counsel for the defendants need additional time to review discovery materials, to evaluate the filing of pretrial motions, and to explore the potential disposition of the charges short of trial; and the potential for pretrial litigation should the case proceed to trial.  Given the existence of these factors, the ends of justice are served by granting counsel for the defendants sufficient time to review discovery materials is necessary for effective preparation and outweighs the best interests of the public and the defendants in a speedy trial.

The defendants – through counsel – assent to this request.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ Lindsey E. Weinstein
Lindsey E. Weinstein
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Lindsey E. Weinstein
Lindsey E. Weinstein
Assistant U.S. Attorney

Dated: June 5, 2024